IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3131 |
| | ) | |
| v. | ) | |
| | ) | |
| SAMUEL B. TURNER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before me for initial review[1] of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Samuel B. Turner (Turner). He claims that his counsel, Greg Damman, was ineffective for failing to "look into" Turner's allegations that his former lawyer, Christopher Eickholt, had a conflict of interest in representing Turner and a co-defendant, Mark Gray, in a related state case. He claims that Gray was also cooperating with authorities against Turner at the time Eickholt represented both of the men and that Gray's help was used by the government in the federal case.

The motion will be denied. It plainly appears from the record of the prior proceeding that Turner is not entitled to relief.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

Pursuant to a cooperation plea agreement (filing 28[2]), Turner admitted that he was guilty of a conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine and marijuana. (Filing 33 (transcript of Rule 11 inquiry).) He was represented by Greg Damman, an experienced criminal defense lawyer. Turner told Magistrate Judge Piester that he was satisfied with Damman's representation and, more specifically, that Damman had "investigated the case to [my] satisfaction." (Filing 33 at CM/ECF p. 5.)

Turner admitted that he should be held responsible for between 500 grams and 1.5 kilograms of methamphetamine, at least 25 grams, but less than 50 grams, of cocaine, and at least 250 grams, but less than kilogram, of marijuana. (Filing 33 at CM/ECF pp. 12-15.) He stipulated that the proper base offense level for his crime was 32. (Filing 33 at CM/ECF p. 13.)

During the Rule 11 hearing, the prosecutor described the evidence against Turner. She stated that there were six separate cooperating witnesses [3] who would testify against Turner and she described in detail the nature of their testimony. (Filing 33 at CM/ECF pp. 17-21.) In response, Turner admitted that the government's evidence was "true." (Filing 33 at CM/ECF p. 21.) Turner also told Judge Piester that he was responsible "beyond a reasonable doubt" for more than 500 grams of methamphetamine. (Filing 33 at CM/ECF p. 22.) I accepted the guilty plea. (Filing 34.)

---

[2]On January 20, 2010, the government filed a Rule 35(b) motion (filing 46) seeking to reduce Turner's sentence, but that motion is not yet ripe.

[3]According to the Presentence Report, one of those witnesses was Mark Gray. (Filing 41 at CM/ECF pp. 6-7 & ¶¶ 25-26.)

The probation officer, relying on the information provided by the six cooperating individuals, together with the fruits of a search warrant, found that Turner was responsible for about 1.5 kilos of methamphetamine and smaller quantities of cocaine and marijuana. (Filing 41 at CM/ECF p. 8-10 & ¶¶ 33-34, 42.) To avoid double counting and related concerns, the probation officer set the base offense level at 32 even though the base offense level might have been set higher. (Filing 41 at CM/ECF p. 10 & ¶ 42.)

Among other things, the government's evidence included the product of a search warrant executed at Turner's residence on August 11, 2008 where pipes, a digital scale with methamphetamine residue, a plastic baggie of methamphetamine and surveillance equipment were found. (Filing 41 at CM/ECF p. 7 & ¶ 26.) "During aerial surveillance prior to the execution of the search warrant, [the Nebraska State Patrol] took photos of the property. In one photo, a black male, believed to be Turner, is in the back yard, and is seen to be holding what may be a handgun in his right hand." (Filing 41 at CM/ECF p. 7 & ¶ 26.[4]) As a result, Turner was charged with state drug violations on August 22, 2008 in Lancaster County, Nebraska. (Filing 41 at CM/ECF p. 25 & ¶ 96.) That case was dismissed when federal authorities brought this one.[5]

Turner's criminal history category was set at level IV. (Filing 41 at CM/ECF p. 22 & 85.) Among numerous other brushes with the law, Turner had one earlier

---

[4]Despite this evidence, a gun enhancement was not imposed because Turner's identity could not be determined with certainty from the photo. (Filing 41 at CM/ECF p. 9 & ¶ 35.)

[5]For purposes of this 2255 motion, I assume, without deciding, that Eickholt represented Turner and Gray in the state case. That said, the record establishes that Eickholt never represented Turner in the federal case.

federal conviction for drug trafficking for which he was sentenced to 157 months in prison. (Filing 41 at CM/ECF pp. 19-20 & ¶ 77.)

There were no objections to the presentence report. (Filing 38.) On February 20, 2009, I accepted the plea agreement, I adopted the presentence report and I sentenced Turner to 121 months in prison, the low-end of the custodial Guidelines. (Filing 39 (Minutes), filing 44 (Judgment) and filing 45 (Statement of Reasons).) Turner did not appeal.

Turner filed his 2255 motion on February 4, 2010. (Filing 48.) He also filed a motion to proceed in forma pauperis.

In the 2255 motion, Turner asserted that:

Ineffective assistance of counsel: I had a federal public defender. I advised my public defender, Greg Dammon (sic) that I should never have been investigated or indicted because when I was arrested and charged in State Cout [sic] my public defender in the State Court action, Christopher Eickholt, was also representing co-defendant, Mark Gray, and did not disclose this information to me. It was a conflict of interest on the part of Mr. Eickholt to work out a deal for Mr. Gray with the Lancaster County Attorney's Office to attempt to gather evidence against me for a criminal prosecution and at the same time try to defend me for the charges that Mr. Gray was providing evidence and testimony for. Mr. Dammon (sic) should have looked into these allegations of misconduct on the part of Mr. Eickholt and the Lancaster County Attorney's office. Had I known Mr. Eickholt was also representing Mr. Gray I would never have allowed him to represent me. Mr. Eickholt knew Mr. Gray was working for the prosecution at the time I was being investigated by these charges, through his association with Mr. Gray, yet never disclosed this information to me.

(Filing 48 at CM/ECF p. 4.)

With Turner's allegation in mind, two facts derived from the record should be highlighted:

1.  Even if one excluded the evidence derived from Gray, the testimony of five other witnesses and the fruits of a search warrant established beyond peradventure that Turner was guilty. (Filing 41 at CM/ECF pp. 6-8 & ¶¶ 23-24, 26-30.) The government simply did not need Gray's help to convict Turner.

2.  Even if one excluded the evidence derived from Gray regarding drug quantity, the government would still have been able to put Turner at a base level 32. For example, witnesses Sutter and Silva implicated Turner in far more than 500 grams of methamphetamine (filing 41 at CM/ECF pp. 6-7 & ¶¶ 23, 27) and that is the trigger for a level 32. *See* U.S.S.G. § 2D1.1.(c)(4) (drug quantity table).

## *II. ANALYSIS*

In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel, the claimant must establish two things. Those things are (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[6] *and* (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[7] *Nguyen v. United*

---

[6] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997).

[7] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs *or* the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Turner's motion fails on both levels. First, Turner's claim that his lawyer failed to investigate is flatly contradicted by his own sworn statements made to Judge Piester that he was satisfied with Damman's investigation. Second, the record establishes that there could have been no prejudice. Turner apparently believes that he would have been better off had he been able to exclude the testimony of Gray by asserting that Turner's former lawyer in the state case had a conflict of interest. But the premise of the argument fails, because the presence or absence of Gray's evidence made no difference. In addition to Gray, there were five other witnesses, plus the fruits of a search warrant, that conclusively established that Turner was guilty of the crime. Thus, even if counsel would have somehow been able to exclude the testimony of Gray, there was plenty of other evidence to convict Turner from non-tainted sources. Furthermore, even if one entirely excluded the evidence derived from Gray, the other witnesses' testimony would have been more than enough to place Turner at a base offense level 32 for sentencing purposes. In short, the record conclusively establishes that counsel did not err and that Turner suffered no prejudice.

IT IS ORDERED that:

1. The motion (filing 49) to proceed in forma pauperis is granted.

2. The motion to Vacate Under 28 U.S.C. § 2255 (filing 48) is denied with prejudice. A separate judgment shall be issued.

DATED this 19th day of February, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge